IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY C. WATSON,

      Plaintiff,

v.                                                                          No. 1:16-cv-01251-JDB-cgc

CORRECTIONS CORPORATION OF AMERICA,
HEALTH ADMINISTRATOR ANGELA JONES,
MRC M. MANCHESTER, NURSE PEARMAN,
WARDEN TAMMY FORD, SGT. BONNER,
TDOC LIAISON CASSAGRANDE, SGT. TRUDY
POWELL, CHIEF ARDIS, IPO RONQUITA PERRY,
and ASSISTANT COMMISSIONER JASON WOODALL,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A NONPRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

---

On September 16, 2016, the Plaintiff, Timothy C. Watson, who at the time of filing was imprisoned at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1), accompanied by a motion for leave to proceed *in forma pauperis* (D.E. 2). On September 22, 2016, the Court granted Watson leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).[1] (D.E. 5.) On November 17, 2016, Watson informed the Court that his address had changed, indicating that he was no longer incarcerated. (D.E. 6.)

---

[1]Initially, this matter was assigned to United States District Judge James D. Todd. The case was reassigned to the undersigned on February 28, 2018, pursuant to Administrative Order 2018-09. (D.E. 7.)

According to the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). However, in this case, the filing fee was not paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Watson is ORDERED to submit either the five-page nonprisoner *in forma pauperis* affidavit or the entire $400 filing fee[2] within thirty days of the entry of this order. The Clerk of Court is DIRECTED to mail Plaintiff a copy of the nonprisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with the Court's directive in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED this 3d day of July 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2]Twenty-eight U.S.C. § 1914(a) mandates a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). The Judicial Conference has assessed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Watson submits a nonprisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.